**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

| | | |
|---|---|---|
| **Evelyn Santana,** | ) | **CASE NO. 1:08 CV 2641** |
| | ) | |
| **Plaintiff,** | ) | **JUDGE PATRICIA A. GAUGHAN** |
| | ) | |
| Vs. | ) | |
| | ) | |
| **Union Fidelity Life Ins. Co.,** | ) | **Memorandum of Opinion and Order** |
| | ) | |
| **Defendant.** | ) | |

**INTRODUCTION**

This matter is before the Court upon the Motion to Dismiss First Amended Complaint Pursuant to Federal Rule of Civil Procedure 12(b)(6). This is an insurance case. For the reasons that follow, the motion is GRANTED.

**FACTS**

Plaintiff, Evelyn Santana, brings this class action lawsuit against defendant, Union Fidelity Life Insurance Company, alleging that defendant failed to refund the unearned premium plaintiff paid to defendant for credit insurance.

For purposes of the motion to dismiss, the Court presumes the facts in the complaint are

1

true.  Plaintiff purchased a 1997 Saturn from Saturn of North Olmsted.  She financed the purchase through Huntington National Bank.  In connection with the financing, plaintiff purchased two credit insurance policies from defendant for $1383.58.  Credit insurance is designed to assure the parties financing automobile purchases that payments will continue to be made in the event the purchaser becomes disabled or dies.  The policy provides that, in the event the plaintiff paid off the loan early, she would be entitled to a refund of any unearned premium.  Plaintiff alleges that she paid her loan off in full, but has not received any portion of the premium from defendant.

The complaint contains two claims for relief.  Count one is a claim for breach of contract and count two is a claim for unjust enrichment.  In her brief in opposition, plaintiff indicates that she is voluntarily withdrawing count two.

Defendant moves to dismiss the complaint and plaintiff opposes the motion.

**STANDARD OF REVIEW**

When considering a motion to dismiss pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, the allegations of the complaint must be taken as true and construed liberally in favor of the plaintiff. *Lawrence v. Chancery Court of Tenn.,* 188 F.3d 687, 691 (6th Cir. 1999).  The complaint is not to be dismissed "unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Conley v. Gibson,* 355 U.S. 41, 45-46 (1957). *See also Hammond v. Baldwin,* 866 F.2d 172, 175 (6th Cir. 1989).  Notice pleading requires only that the defendant be given "fair notice of what the plaintiff's claim is and the grounds upon which it rests." *Conley*, 355 U.S. at 47.  However, the complaint must set forth "more than the bare assertion of legal conclusions."  *Allard v. Weitzman* (*In Re DeLorean Motor*

*Co.*)*,* 991 F.2d 1236, 1240 (6th Cir. 1993).

"In practice, a...complaint must contain either direct or inferential allegations respecting all the material elements to sustain a recovery under *some* viable legal theory." *Scheid v. Fanny Farmer Candy Shops, Inc.,* 859 F.2d 434, 436 (6th Cir. 1988) (quoting *Car Carriers, Inc. v. Ford Motor Co.*, 745 F.2d 1101 (7th Cir. 1984)).  Legal conclusions and unwarranted factual inferences are not accepted as true, nor are mere conclusions afforded liberal Rule 12(b)(6) review. *Fingers v. Jackson-Madison County General Hospital District,* 101 F.3d 702 (6th Cir. Nov. 21, 1996), *unpublished*.  Dismissal is proper if the complaint lacks an allegation regarding a required element necessary to obtain relief. *Craighead v. E.F. Hutton & Co.,* 899 F.2d 485, 489-490 (6th Cir. 1990).

## ANALYSIS

Defendant argues that the policy at issue contains a notice provision and plaintiff fails to allege that she complied with the provision.  Defendant further argues that there is no provision in the policy requiring defendant to seek out insureds who may be entitled to a refund, but who have failed to provide notice.   In response, plaintiff claims that the notice provision is inconsistent with Ohio law.  Plaintiff also argues that the policy is ambiguous and, as such, the Court cannot read a notice provision into the policy.

The policy provides as follows,

> Refunds.  On written notice from you to the Company or its agent, we will refund any premium we owe you.  We will pay it to the creditor to reduce or pay off Debt and any remainder will be paid to you.

Plaintiff argues that this provision is inconsistent with Ohio statutory law and, as such, cannot be enforced.  Plaintiff points out that O.R.C. § 3918.05 provides,

> In all cases of termination prior to scheduled maturity, a refund shall be paid or credited as provided in section 3918.08 of the Revised Code.

In turn, O.R.C. § 3918.08 provides,

> (B) Each individual policy, group certificate, or notice of proposed insurance shall provide that in the event of termination of insurance prior to scheduled maturity date of the indebtedness, any refund of an amount paid by debtor for insurance shall be paid or credited promptly to the person entitled thereto...

According to plaintiff, these statutes preclude the imposition of any condition, including a notice condition, with respect to credit insurance. Defendant disagrees, arguing that the statute does not prohibit notice provisions. Defendant further points out that the policy was approved by the Ohio Superintendent of Insurance, who is required to disapprove any policy that has a provision that is "contrary to any provision of the insurance law." O.R.C. § 3918.07(B).

Upon review, the Court agrees with defendant. The cited statutory language does not expressly prohibit notice provisions. Plaintiff claims that by using the word "shall" in the provisions, the legislature intended that insurers refund premiums unconditionally. This Court disagrees. Had the legislature intended to prohibit notice provisions, which are commonplace in insurance agreements, it would have done so expressly. Rather, the Court finds that the language simply prohibits insurers from "earning" money for premiums paid for coverage not ultimately provided. It does not mean that an insurer cannot require a purchaser to inform it that coverage is no longer needed. Moreover, the Court agrees with defendant that approval by the Ohio Superintendent of Insurance creates a strong presumption that the notice provision does not violate Ohio law. Accordingly, the Court finds that the notice provision is enforceable.

Plaintiff argues that, even if the provision is permissible, the policy is ambiguous and, therefore, the notice provision cannot be enforced. According to plaintiff, the use of the word

4

"on" is ambiguous.  In addition, plaintiff argues that the Group Policy contains terms that conflict with the notice provision.  Defendant disagrees.  According to defendant, the Group Policy is inapplicable to this case.  Moreover, defendant argues that the language is clear and unambiguous and requires plaintiff to provide notice of her desire to cease insurance and obtain a refund.

"The question of whether the language of an agreement is ambiguous is a question of law." *United States v. Donovan*, 348 F.3d 509, 512 (6th Cir. 2003) (*citing Parrett v. Am. Ship Bldg. Co.*, 990 F.2d 854, 858 (6th Cir. 1993)).  Where the terms of a contract are clear and unambiguous, the Court presumes that the parties' intent resides in the words utilized in the agreement.  *Gencorp, Inc. v. American Int'l Underwriters*, 178 F.3d 804, 817-18 (6th Cir. 1999). "[I]f the meaning of the contract is apparent, the terms of the agreement are to be applied, not interpreted."  *Id*.  "Only when the language of a contract is unclear or ambiguous, or when the circumstances surrounding the agreement invest the language of the contract with a special meaning will extrinsic evidence be considered to give effect to the parties' intentions."  *Shifrin v. Forest City Enterprises, Inc.*, 597 N.E.2d 499, 501 (Ohio 1992).  Under Ohio law, common words appearing in the contract "will be given their ordinary meaning unless manifest absurdity results, or unless some other meaning is clearly evidenced from the face or overall contents of the instrument."  *Id*.  (internal quotation and citation omitted).

Upon review, the Court finds that the language is clear and unambiguous.  As an initial matter, the Court agrees with defendant that the Group Policy is not relevant to the analysis.  The Group Policy was issued to Bell Family Auto Sales in 1993.  Plaintiff, however, purchased her vehicle from Saturn of North Olmsted in 1997.  Thus, there is no indication that the Group

5

Policy applies in any way to this case. Plaintiff argues that it is "unlikely" that defendant would "have two different Group Policy forms that apply to automobile dealers" during this time period. This Court simply cannot accept plaintiff's argument as fact, especially at this stage in the litigation. Accordingly, the Court will not consider the Group Policy submitted by plaintiff. The Court further agrees with defendant that the word "on" is not ambiguous. The provision plainly and clearly indicates that defendant will provide a refund "on" written notice from plaintiff.

The case law cited by plaintiff does not undermine this conclusion. The only case arguably on point is *McClain v. All States Life. Ins. Co.*, 80 N.E.2d 815 (Oh. Ct. App. 1st Dist. 1948), wherein the court held that an insurance policy, which required the insured to "surrender" the policy prior to recovery was not a condition precedent. Specifically, the court stated,

> It should be said also that this policy does not in express terms make the surrender of the policy a condition precedent to recovery, and it seems to us that if an insurance company intended to make recovery dependent upon so insubstantial a condition, it should have so stated in positive language.

This Court finds *McClain* easily distinguishable from this case. As an initial matter, the court did not find that the phrase was ambiguous. Rather, the court concluded that the condition was too insubstantial to prevent recovery. No one disputed that coverage existed. The insurer attempted to avoid its obligations altogether based on the inability of the insured to locate the policy. Thus, the case dealt with enforcement of a condition which would result in forfeiture. By contrast, in this case, defendant is not claiming that it will never pay. Rather, it simply requires an insured to inform it when a loan is paid off early. Here, the plaintiff unquestionably knows she is entitled to a refund. She attached the policy to the complaint and avers that she is

6

aware that she is owed money. Rather than simply notify defendant, she inexplicably refuses to abide by the policy terms and, instead, insists on payment without complying with the provision. Defendant indicates that it will provide the refund upon notice. Thus, this case is nothing like *McClain*, wherein the insured could not comply with the condition and, as a result, forfeiture would result.

The Court has reviewed the provision and concludes that it clearly and unambiguously requires notice. The remaining arguments raised by plaintiff, *i.e.*, those set forth in Section C, presume that the language is ambiguous and cannot be construed as a condition precedent. Having rejected this argument, the Court need not reach the arguments contained in Section C.

Having concluded that the express notice provision is enforceable, the Court now turns to whether plaintiff can succeed on her claims. Although not directly argued by the parties, the Court finds that plaintiff fails to state a claim for which relief may be granted. In paragraph 36, plaintiff alleges that she has complied with all "*permissible* conditions precedent." The Court finds that, based on this language, as well as the arguments made in plaintiff's brief, plaintiff is alleging that she need not have provided notice. Had she actually provided notice, no such allegation would be necessary. Accordingly, the Court construes the complaint as admitting that plaintiff failed to provide notice of early termination. As such, plaintiff fails to state a claim for which relief may be granted.

### **CONCLUSION**

For the foregoing reasons, defendant's Motion to Dismiss First Amended Complaint Pursuant to Federal Rule of Civil Procedure 12(b)(6) is GRANTED.

IT IS SO ORDERED.

          /s/ Patricia A. Gaughan
PATRICIA A. GAUGHAN
United States District Judge

Dated: 6/30/09